MISI PELE LEOTA and TAGIILIMA LEOTA, Appellants

v.

LOLANI SESE, MEAFOU SESE, SUA SCHUSTER, STARR SCHUSTER, and ESTATE OF ALEKI NOA, Appellees

High Court of American Samoa
Appellate Division

AP No. 1-89

March 29, 1989

Before REES, Associate Justice.

Counsel: For Appellants, Togiola T.A. Tulafono
For Appellees, Asaua Fuimaono

On Ex Parte Motion for Extension of Time to File Brief:

This ex parte motion for an extension of time to file appellants' brief was filed on the afternoon of March 28, 1988. This was one day before the expiration of the 40-day period provided by Appellate Court Rule 31 for the filing of appellants' brief.

Appellate Court Rule 27(a) provides that motions shall be filed "with proof of service on all other parties." Although Rule 27(b) provides that the Appellate Division or a judge thereof may rule on motions for enlargement of time without waiting for a response from the other parties, it does not permit the moving party to dispense with notice to the other parties. This ex parte motion therefore does not comply with the Appellate Court Rules.

Nor does the motion comply with the usual practice among attorneys appearing before the High Court. Some appellate and trial court rules have been habitually disregarded by attorneys, but this is not one of them. The usual practice is to request opposing counsel to stipulate to an enlargement of time. Counsel for the appellants in the present case does not inform the Court whether such a stipulation has been requested. Nor does he offer any other explanation for his failure to serve opposing counsel with notice of the motion.

Ordinarily the Court would deny the motion without prejudice to the right of counsel to file a

new motion that complies with the rules. It is now, however, about 1:00 in the afternoon of March 29. If this motion is denied it is most unlikely that counsel will file a corrected one by the 4:00 p.m. deadline. A motion filed after the deadline might well be untimely. Cf. Trial Court Rule of Civil Procedure 6(b).

Accordingly, the Court will provisionally extend the time for filing appellants' brief until April 10, 1988. This order is without prejudice to the right of appellees to move for reconsideration, vacation, or modification of the extension in accordance with Appellate Court Rule 27(b), and/or for dismissal in accordance with Rule 31(c).

This order is also subject to review by the full Appellate Division on the next occasion on which a panel should be assembled. Appellate Court Rule 27(c). If the full Appellate Divison decides that the extension was improvidently granted, it may dismiss the appeal or impose some lesser sanction. See Appellate Court Rule 31(c).

The judge signing this order, while expressing his strong disapproval of ex parte filings except where specifically authorized by law or compelled by extraordinary circumstances, expresses no opinion on whether dismissal or any other sanction is appropriate in this case. The provisional extension is granted only because it seems the best way to preserve the power of the full Appellate Division to consider the issue in light of whatever facts and arguments either party might wish to raise.

It is so ordered.